UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIAN FULLER,                              )
                                            )
            Plaintiff,                      )
                                            )
            v.                              )   CASE NO.  CV05-1308RSM
                                            )
MICHAEL CHERTOFF, Secretary of the          )   ORDER DENYING MOTION
Department of Homeland Security, and        )   TO COMPEL
THOMAS W. HARDY, Director of Seattle        )
Field Office, Customs and Border Protection,)
Department of Homeland Security,            )
                                            )
            Defendants.                     )
_____)

This matter comes before the Court on plaintiff's Motion to Compel. (Dkt. #14). Plaintiff, Adrian Fuller, is a former employee of the Bureau of Customs and Border Patrol ("CBP"). In his complaint, plaintiff alleges that defendants discriminated against him based on his race, in violation of 42 U.S.C. § 2000e.

Plaintiff seeks discovery of all 21 pages of handwritten notes taken by Linda Barnett, an Equal Employment Opportunity ("EEO") employee of the CBP. Defendants withdrew their claim of privilege as to the first 18 pages because those notes were the "literal transcription of statements" made by plaintiff to Ms. Barnett. (Dkt. #16 at 3). The present motion concerns the three remaining pages of Ms. Barnett's notes (AF000086-88). (Dkt. #16 at 2).

Plaintiff argues that he is entitled to discovery because the notes are not work product and such notes are part of the EEOC investigation and public information. Defendants assert that the three pages recording Ms. Barnett's conversation with plaintiff's former supervisor, Phil

ORDER
PAGE – 1

Stanford, and her analysis of plaintiff's claims were created because of the prospect of litigation and is therefore entitled to work product protection.

Having reviewed plaintiff's motion, defendants' response, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's Motion to Compel (Dkt. #14) is DENIED. The work product doctrine protects from discovery, documents and tangible things prepared by a party or his representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). The Ninth Circuit adopts the "because of" standard to determine whether a document is entitled to work product protection. *In Re Grand Jury Subpoena (Mark Torf / Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004). Under this standard, a document prepared in anticipation of litigation is protected as work product under Rule 26(b)(3) if the document can fairly be said to have been prepared or obtained because of the prospect of litigation. *Id.* If similar documents would have been created whether or not litigation was anticipated, then "it [cannot] fairly be said that they were created 'because of' actual or impending litigation." *Willingham v. Ashcroft*, 228 F.R.D. 1 (D.D.C. 2005).

Ms. Barnett prepared her notes because plaintiff initiated an EEO complaint. (*See* Dkt. #18). *Willingham*, involving a Title VII action against the Drug Enforcement Administration by a former employee, is instructive. *Id.* There, the district court found that the documents requested were created in reasonable anticipation of litigation since they were prepared "because of or in preparation for a potential challenge . . . either to the [Merit Systems Protection Board] or through EEO proceedings[.]" *Id.* at 5. The court reasoned that the employee's MSPB appeal and EEO complaint constituted "adversarial proceedings." *Id.* That is, if EEO proceedings resulted in a favorable determination to the agency, plaintiff would likely sue. *Id.* Therefore, notes created because of EEO proceedings were prepared in reasonable anticipation of litigation and protected as work product.

As defendants' employee, Ms. Barnett is a party representative, and her job is to provide advice to CBP management concerning EEO complaints. The three pages at issue here involve

Ms. Barnett's discussion with Mr. Stanford, plaintiff's former supervisor and CBP manager. Ms. Barnett declares that her notes, "especially the notes of the conversation with Mr. Stanford, were analysis of Mr. Fuller's claims." (Dkt. #18 at 2). The discussion and analysis would not have occurred were it not for the pending adversarial EEO complaint. These notes were created "because of" potential litigation, and are entitled to work product protection.

This Court is not persuaded by plaintiff's argument that he is also entitled to those notes because they are part of the EEOC investigation and public record. "[M]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes" are not protected. Fed. R. Civ. P. 26(b) advisory committee's note (1970 amendment). However, "when a complaint is filed with an agency EEO office, it has to follow that the work done thereafter is done in anticipation of any litigation that would follow if the claim is not administratively resolved." *McPeek v. Ashcroft*, 202 F.R.D. 332, 339 (D.D.C. 2001) (concluding that documents made by an agency's EEO office after an employee lodged an administrative complaint of sexual harassment were made in anticipation of litigation and not in the ordinary course of business). Ms. Barnett recorded conversations and her analysis in response to plaintiff's EEO complaint. Such notes, therefore, were created in anticipation of litigation and not in the ordinary course of business.

Even if this argument was not foreclosed by *McPeek*, the notes would still be entitled to work product protection because "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *In Re Grand Jury (Torf)*, 357 F.3d at 910.

Since the notes are protected work product, plaintiff bears the burden of showing a "substantial need" for the documents and his inability to obtain the substantial equivalent of the notes without undue hardship. Fed. R. Civ. P. 26(b)(3). Plaintiff has not demonstrated either of

ORDER
PAGE – 3

these factors.[1]  Accordingly, the remaining three pages and the redacted comment are protected work product and are not subject to discovery.

(2)  The Clerk shall direct a copy of this Order to all counsel of record.

DATED this 21st day of June, 2006.

*/s/ Ricardo S. Martinez*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Stanford was already deposed by plaintiff, and can be deposed again, according to defendants. Furthermore, plaintiff has noted Ms. Barnett's deposition, although defendants have some concerns over the scope of any deposition of Ms. Barnett.  (Dkt.#16 at 6).

ORDER
PAGE – 4